UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

BRENDA L. AKINS,                    )
                                    )
            Plaintiff,              )
                                    )
    vs.                             )        Case No. 4:05CV952 HEA
                                    )
BURLAN O. AKINS,                    )
                                    )
            Defendant.              )

**OPINION AND ORDER**

This matter is before the Court on the Court's own motion as a result of Defendant's Notice of Removal filing on June 14, 2005.[1]  In his Notice of Removal, Defendant asserts various constitutional violations against Plaintiff and third-party Defendants.  Federal questions in removal cases, however, must be disclosed upon the face of the plaintiff's complaint.

> A defendant may remove a state court claim to federal court only if the claim originally could have been filed in federal court, and the well-pleaded complaint rule provides that a federal question must be presented on the face of the properly pleaded complaint to invoke federal court jurisdiction.  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)

*Gore v. Trans World Airlines*, 210 F.3d 944, 948 (8th Cir. 1999).

Plaintiff's Petition for dissolution of marriage is a cause of action under Missouri

---

[1]"The federal courts are under an independent obligation to examine their own jurisdiction . . ." *International Ass'n of Fire Fighters, Local 2665 v. City of Clayton,* 320 F.3d 849 (8th Cir. 2003) (citing *FW/PBS, Inc. V. City of Dallas,* 493 U.S. 215, 231 (1990); see also FED. R. CIV. P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").

law. "The whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States." *In re Burrus,* 136 U.S. 586, 593-594 (1890). See also *Mansell v. Mansell,* 490 U.S. 581, 587 (1989) ("domestic relations are preeminently matters of state law"); *Moore v. Sims,* 442 U.S. 414, 435 (1979) ("[f]amily relations are a traditional area of state concern"). The Supreme Court has also acknowledged that it might be appropriate for the federal courts to decline to hear a case involving "elements of the domestic relationship," even when the divorce, alimony, or child custody is not strictly at issue. *Ankenbrandt v. Richards,* 504 U.S. 689, 705-706 (1992).

The fact that Defendant is seeking to raise federal counter-claims and cross-claims does not give rise to federal question jurisdiction under the well-pleaded complaint rule.

> A defendant is not permitted to inject a federal question into an otherwise state-law claim and thereby transform the action into one arising under federal law.

*Gore*, 210 F.3d at 948.

The Court therefore lacks federal question jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that this matter is remanded to the St. Louis

County, Missouri Circuit Court.

Dated this 7th day of July, 2005.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE